IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND OF Kent COUNTY

STATE OF DELAWARE    (
                     (
v.                   (
                     (
Department of corrections  (
Delaware Correctional Center  ( No. _____
Name of Movant       (        To be supplied by Prothonotary
                     (
                     (

MOTION FOR DISCOVERY AND INSPECTION

PLEASE TAKE NOTICE, That upon the annexed affirmation of Attorney Karen Harris, Pro Se dated Sept. 5, 2005, the indictment and all prior papers and proceedings herein, the undersigned will move this Court at Part _____ thereof, on [date], at _____ [a.m./p.m.] or as soon thereafter as counsel can be heard, for an order to compel discovery and inspection, in accordance with Rule 16 (b)(1).

The defendant moves for discovery and inspection of the following items in possession or control of the District Attorney:

1. Name all tests and scientific tests or examinations conducted with regard to this case, and as to each state: Date and, time and personel who conducted test and examinations. Diagnoses and prognosis
   (a) Name of test.
   (b) Identify testor by name, rank, shield number and present assignment.
   (c) Supply a clear copy of the test examination report and the papers upon which it is based.
   (d) A sample of the item(s) tested for examination by the defense experts.
2. Defendant demands the right to examine all physical property taken from his possession whether by warrant or otherwise.
3. Defendant demands the right to examine all eavesdropping, recording, all audiovisual or other electronic devices used in the investigation and surveillance undertaken in this case.
4. Defendant demands an accurate and clear copy of all videotapes and sound recordings made in this case.

5. Defendant demands copies of any statements made by him, or attributed to him whether recorded or transcribed, written or oral, verbatim or summarized.

6. Defendant demands clear copies of all wiretap or eavesdropping warrants together with the papers upon which they are based.

7. Defendant demands the names and present addresses of all persons who would qualify as competent witnesses if called, whether or not the people intends to call them as witnesses.

8. defendant demands copies of all police reports, memoranda, memobooks, logs and any and all other reports of all investigations carried on with respect to this case.

9. Defendant demands to be informed of the name, rank, shield number and present assignments of all law enforcement personnel assigned to this case.

10. Defendant demands a copy of the personnel records of each of the above named individuals, or in the alternative that it be turned over to the Court for examination, in camera, to determine what information contained therein would be relevant or material to the defense.

11. Defendant demands copies of the statements given to any law enforcement agents by witnesses to any of the acts set forth in the indictment.

12. Defendant demands the names of any and all experts who have been consulted in this matter by the prosecution whether or not said expert will be called as a witness during the trial of this matter.

13. Defendant demands [City/State] Police Department, Sussex/New Castle/Kent County District Attorney or other agency vouchers, cash receipts, statement or any other documents indicating payments to any person involved in this case.

14. The transcript of testimony given before the Grand Jury during its investigation and consideration of the charges contained in this indictment of any person, whether or not the People intend to call such person as a witness at the trial

15. State whether Mr. Lavere Harris was given any medication or took any medication at any time prior to his/her visit to Dr. Prison Medical 's office on [date].
9-4-04

16. Any and all evidence of whatever form, source, or motive which tends to exculpate the Defendant either through an indication of his/her innocence or through the impeachment of any potential prosecution witness, and all information of whatever form, source or nature which may lead to evidence which tends to exculpate the Defendant whether by indicating his innocence or impeaching the credibility of any potential prosecution witness, and any other information which may be or become of benefit to the Defendant in preparing or presenting his defense of innocence at trial. This request includes any such evidence or information now in possession of the People, or which comes into possession of the People in the future, or which the people now has knowledge or in the future obtains knowledge.

All of the items sought are both necessary and material to the preparation of the defense of my case. The requests are authorized by the Fourteenth and sixth Amendments to the constitution of the United States, Delaware State Constitution, [State Stature or Code] [section(s)], and **Brady v. Maryland**, 373 U.S. 83 (1963).

All of the requested items will be relevant and admissible if the prosecution presents, as direct evidence, or for the purposes of impeachment. The Court, prosecution, and perhaps the defense, cannot at this time decide what may be useful, relevant, or admissible.

Justification for discovery and inspection stands or falls on the equitable determination of whether it makes the truth easier to determine or gives a party an advantage. Justification for discovery and inspection must be viewed from the former standpoint.

A criminal trial like a civil trial is a quest for the truth. That quest will more often be successful if both sides have an equal opportunity to interview the persons who have the information from which the truth may be determined. The current tendency, and the better reasoned approach is in the direction of complete discovery of the facts before the trial and the elimination of surprise at the trial.

Without the requested discovery and inspection the Defendant will be deprived of his right to due process under the Fourteenth Amendment to the

Constitution and effective assistance of counsel under the Sixth Amendment to the Constitution of the United States.

WHEREFORE, it is respectfully requested that the relief sought herein be in all respects granted, together with such other and future relief as may be just and proper.

Dated: Sept. 5, 2005

*Mr. Laren C. Harris, Pro Se*
(Signature) Name of Attorney

Attached #2

My institutional Medical record will show that the prison medical staff is aware that I have a severe medical condition with my knees. I have severe degenerative authritis with chipping bone fragments between the joints. I have filed numerous medical grievance, to no avail (No Help), I will say "Approximately two grievances have been answered with lies and excuses." I have recieved notices stating "My knees have been x-rayed and my medication was to be increased pending my knee x-ray", both notices were untrue. On August 31-'05, August 1-'05 and numerous other occassions a nurse (Betty) refused to give me the perscribed medication. Her reason for not giving me the medication was "the gaurds haven't told her to give it to me", this was after I told her I was in pain and requested the medication.

Mr. Laren C. Harris #175282

The motion for discovery and inspection is requested so I can view and review the prison medical file. I'm not very law smart therefore, I may require some assistance. I do know that I am being forced to endure severe pain unnecessarily for long periods of time.